[Doc. No. 84]

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

ATLANTIC CITY ASSOCIATES, LLC,  :
                                :
            Plaintiff,          :
                                :
    v.                          :    Civil No. 05-3227(NLH)
                                :
CARTER & BURGESS                :
CONSULTANTS, INC., et. al.      :
                                :
            Defendants.         :

OPINION AND ORDER

This matter has come before the Court upon the Motion of Joseph Battipaglia, Esquire, counsel for Atlantic City Associates (hereinafter "ACA"), seeking to disqualify Henry Rose and Robert Dieterle from acting as expert witnesses for Keating Building Corporation (hereinafter "Keating")[Doc. No. 84]. The Court has considered all written submissions of the parties and heard oral argument on December 4, 2006. For the reasons discussed on the record on December 4, 2006 and in this Order, ACA's Motion is DENIED

ACA seeks an Order disqualifying Henry Rose and Robert Dieterle of Hill International (hereinafter "Experts") from acting as experts for Keating. ACA is not seeking to disqualify Hill International, the Experts' employer, from providing expert services to Keating, but just the experts that ACA alleges are acting on its behalf for a different client in two separate, pending actions. The actions are not related to the subject matter of these lawsuits, which concerns a mixed retail and commercial use property in Atlantic City known as "The Walk."

ACA makes two arguments in support of its Motion. First, ACA argues that "ACA's

counsel will necessarily communicate to them ACA's counsel's mental impressions and trial strategies, including his views on the strength and weaknesses of the various methods for measuring delays on construction projects and calculating damages in construction disputes." (See Brief in Support of Plaintiff's Motion at 7). Second, ACA argues that if the experts testify, "ACA's counsel will be in an extremely awkward position of having to cross-examine experts that he is using as his expert witnesses in the [p]rior [p]ending [m]atters, which are proceeding concurrently with this action." Id.

In response, Keating argues that the Experts will not reveal privileged information to ACA. Keating also argues that in other cases, ACA's counsel has been adverse to the Experts and has not objected to them working for his adversary.

The legal issue this Court must address was cogently addressed in two separate well-reasoned opinions written by the Honorable Robert B. Kugler, U.S.D.J., who was then sitting as a United States Magistrate Judge. See United States ex. rel. Cherry Hill Convalescent Center, Inc. v. Healthcare Rehab Systems, Inc., 994 F.Supp. 244 (D.N.J. 1997); Cordy v. Sherwin-Williams Co., 156 F.R.D. 575 (D.N.J. 1994). This Court agrees that it has the inherent authority to disqualify experts. See Cherry Hill Convalescent Center, Inc., 994 F.Supp. at 248; Cordy, 156 F.R.D. at 579. However, the mere fact that a defense expert may have also worked for the Plaintiff's attorney on a former or pending case, does not justify the disqualification of the expert. If this were the case, then Plaintiff's counsel would in essence be able to bar the Experts from testifying against his clients in any future matter, even if the matters were not related.

A two-pronged test applies to determine if Keating's expert should be disqualified. Cherry Hill Convalescent Center, Inc., 994 F.Supp. at 249, citing Cordy, 156 F.R.D. at 579.

"First, was it objectively reasonable for the first party who retained the expert to believe that a confidential relationship existed?  Second, did that party disclose any confidential information to the expert?"  Id.  An expert should be disqualified if both questions are answered in the affirmative.  Id.  In this case, ACA cannot satisfy either prong of the test.  First, no evidence has been submitted that it was reasonable for ACA to believe that a confidential relationship existed with the Experts.  Indeed, Keating submitted the affidavits of the Experts and a Senior Vice President of Hill International attesting to exactly the opposite.

Second, ACA has not demonstrated that it disclosed any confidential information to the Experts.  Plaintiff's counsel only presents a generalized and vague allegation that the Experts know "mental impressions and trial strategies, including his views on the strength and weaknesses of the various methods for measuring delays on construction projects and calculating damages in construction disputes."  (See Brief in Support of Plaintiff's Motion at 7).  This is hardly the sort of proffer that should compel a court to disqualify an expert a party has elected to retain.  Further, the Court gives credence to the affidavits submitted by the Experts and their employer to the effect that, "there is nothing unique or unusual about this Action or the facts involved in the Project.  The methods and strategies for the determination of project delays and damages are based upon industry recognized and accepted methodologies and procedure irrespective of counsel's impressions and thoughts."  (See Affidavit of Frank Giunta at para. 5, attached to Keating's Brief in Opposition to Plaintiff's Motion).

Plaintiff's counsel argues that a controlling factor is that the Experts are currently working for him on pending matters.  However, the Court does not view this as a decisive factor in determining whether ACA's Motion should be granted.  Instead, the controlling factors are

3

whether Plaintiff's counsel had a confidential relationship with the Experts, and whether confidential information was relayed to the Experts.

Lastly, in denying ACA's Motion, the Court also takes note of several additional facts that weigh in favor of Keating. First, there is no allegation that Keating retained the Experts for the purpose of obtaining ACA's privileged or confidential information. The record demonstrates that at all times relevant hereto Keating acted in good faith and did not attempt to secure an unfair advantage against Plaintiff. Second, there is no proof that ACA gave privileged or confidential information about this project to the Experts. Indeed, the record demonstrates that Keating retained the Experts before Plaintiff's counsel first approached the Experts about working for him in other actions.

Based upon the foregoing and for the reasons stated on the record on December 4, 2006

IT IS on this 5th day of January 2007 hereby

ORDERED that ACA's Motion to Disqualify Henry Rose and Robert Dieterle as Keating's experts is DENIED.

/s/ Joel Schneider
JOEL SCHNEIDER
United States Magistrate Judge