```
              UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| ATLANTIC CITY ASSOCIATES LLC, et al., | |
| Plaintiffs, | Civil Action No. **05-3227 (NLH)** **(Lead Case)** 05-5623, 06-3735 (Consolidated Cases) |
| v. | |
| CARTER & BURGESS CONSULTANTS, INC., et al., | **OPINION** |
| Defendants. | |

**Appearances:**

JOSEPH A. BATTIPAGLIA
VERONICA J. FINKELSTEIN
DUANE MORRIS LLP
ONE LIBERTY PLACE
PHILA., PA 19103-3185
*Attorneys for Atlantic City Associates LLC*

DENNIS P. HERBERT
POWELL TRACHTMAN
1814 EAST ROUTE 70
SUITE 304
CHERRY HILL, NJ 08003
*Attorney for Carter & Burgess Consultants, Inc.*

GLENN W. REIMANN
SARAH PATRICE O'DONNELL
COZEN O'CONNOR
1900 MARKET STREET
PHILADELPHIA, PA 19103
    *And*
JULIE B. NEGOVAN
COZEN O'CONNOR
457 HADDONFIELD ROAD
CHERRY HILL, NJ 08002
*Attorneys for Keating Building Corporation and Liberty Mutual Insurance Company and Daniel J. Keating Construction Corp.*

MARTIN P. SKOLNICK
5021 INDUSTRIAL ROAD
FARMINGDALE, NJ 07729
    *And*

THOMAS M. MULCAHY
PURCELL, RIES, SHANNON, MULCAHY & O'NEILL
ONE PLUCKEMIN WAY, PO BOX 754
BEDMINSTER, NJ 07921
*Attorney for Avon Brothers, Inc. d/b/a Avon Contractors, Inc.*

JOHN F. PALLADINO
JENNA M. COOK
HANKIN, SANDMAN & PALLADINO
30 SOUTH NEW YORK AVENUE
ATLANTIC CITY, NJ 08401
*Attorney for Thomas Company, Inc.*

BRADLEY K. SCLAR
DANA B. OSTROVSKY
PARKER, MCCAY
THREE GREENTREE CENTRE, SUITE 401
ROUTE 73 & GREENTREE ROAD, PO BOX 974
MARLTON, NJ 08053
*Attorney for Petrocelli/palmieri Joint Venture*

CRAIG L. LEVINSOHN
ARONSOHN WEINER & SALERNO
263 MAIN STREET
HACKENSACK, NJ 07601
*Attorney for Johnston Architectural Systems, Inc., d/b/a Delta Fountains, Inc.*

JOHN G. RICHARDS, II
DAVIS, BUCCO, & ARDIZZI, ESQS.
10 EAST 6TH AVENUE, SUITE 100
CONSHOHOCKEN, PA 19428
*Attorney for Davis-Giovinazzo, Inc.*

ANET L. TREIMAN
STEPHANIE WISDO
COHEN SEGLIAS PALLAS GREENHALL & FURMAN
2 WHITE HORSE PIKE
HADDON HEIGHTS, NJ 08035
*Attorney for Vincent J. Borrelli, Inc.*

**HILLMAN, District Judge**

Before the Court are Atlantic City Associates LLC's ("ACA") motions to dismiss Avon Brothers, Inc.'s ("Avon") direct claims against ACA.

## I. BACKGROUND

This case involves a construction project for mixed retail and commercial use property located in Atlantic City, New Jersey referred to as "The Walk" in Atlantic City (the "Project"). ACA is the lessee of the property. Carter & Burgess provided the architectural, engineering and other design services and Keating Building Corporation ("Keating") acted as the general contractor. Liberty Mutual Insurance Company ("Liberty") issued payment and performance bonds for the Project.

Keating hired several subcontractors to work on the Project, including Avon. Avon entered into a subcontract agreement with Keating on or about October 31, 2002, for carpentry, drywall and acoustical ceiling work. Disputes arose over delays and other problems with the Project. Avon asserts that in September 2003, representatives from ACA and from Avon met. Prior to the meeting, Avon had stopped performing change order work because Avon's change orders were not being reviewed and approved. Avon states that ACA indicated at the meeting that ACA planned to take on a more active role and inquired whether Avon would stay with the Project if Keating were removed. Avon also states that ACA guaranteed that the past due bills would be paid, and based on those guarantees, resumed change order work on the Project. Avon relies on letters from ACA to Keating requesting "... assignment of all work related to the renovation phase of Building

400...inclusive [of] all Change Orders written to date" and from ACA to Avon stating that all of Keating's subcontracts for Building 430 had been assigned to ACA.

The Project continued to experience problems and eventually resulted in litigation. Three cases were filed in federal court and consolidated. In addition, a related case is pending in state court.[1] ACA's third amended complaint named C&B, Keating, and Liberty as defendants. Keating filed a third party complaint, as amended, against several of the subcontractors, including Avon. Avon filed an answer and asserted a direct claim against ACA. ACA filed a motion to dismiss Avon's direct claim.

## II.  DISCUSSION

### A.  Standard for Motions to Dismiss

When considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6), a court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff. Evancho v. Fisher, 423 F.3d 347, 351 (3d Cir. 2005). It is well settled that a pleading is sufficient if it contains "a short and plain statement of the

---

[1] The state court action was filed by Avon in the Superior Court of New Jersey, against Keating, Liberty and ACA alleging damages due to delays caused by defendants and for requested change order work performed by Avon.

claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under the liberal federal pleading rules, it is not necessary to plead evidence, and it is not necessary to plead all the facts that serve as a basis for the claim. Bogosian v. Gulf Oil Corp., 562 F.2d 434, 446 (3d Cir. 1977). However, "[a]lthough the Federal Rules of Civil Procedure do not require a claimant to set forth an intricately detailed description of the asserted basis for relief, they do require that the pleadings give defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 149-50 n.3 (1984) (citation omitted).

A district court, in weighing a motion to dismiss, asks "'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim.'" Bell Atlantic v. Twombly, 127 S. Ct. 1955, 1969 n.8 (2007) (quoting Scheuer v. Rhoades, 416 U.S. 232, 236 (1974)). A court need not credit either "bald assertions" or "legal conclusions" in a complaint when deciding a motion to dismiss. In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1429-30 (3d Cir. 1997). The defendant bears the burden of showing that no claim has been presented. Hedges v. U.S., 404 F.3d 744, 750 (3d Cir. 2005) (citing Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991)).

Finally, a court in reviewing a Rule 12(b)(6) motion must only

5

consider the facts alleged in the pleadings, the documents attached thereto as exhibits, and matters of judicial notice. Southern Cross Overseas Agencies, Inc. v. Kwong Shipping Group Ltd., 181 F.3d 410, 426 (3d Cir. 1999). A court may consider, however, "an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).

### B. Motion to Dismiss Avon's Direct Claim Against ACA

There are two motions to dismiss Avon's direct claim against ACA presently before the Court. The first motion to dismiss relates to Avon's direct claim against ACA filed in response to the original third party complaint. The second motion to dismiss relates to Avon's direct claim against ACA filed in response to the amended third party complaint. ACA argues in its second motion to dismiss that Avon's direct claim in response to the amended third party complaint is duplicative of its first direct claim and should be dismissed.

Generally, when an amended complaint is filed, the previous complaint is wiped out and the operative complaint is the most recently filed version. See Snyder v. Pascack Valley Hospital, 303 F.3d 271, 276 (3d Cir. 2002) (stating, "[a]n amended complaint supercedes the original version in providing the

6

blueprint for the future course of a lawsuit."). Here, when the amended third-party complaint was filed, it superceded the original third party complaint. Likewise, when Avon responded to the amended third party complaint, the second direct claim superceded the original. Thus, ACA's first motion to dismiss Avon's original direct claim is moot and therefore dismissed. See Walthour v. Tennis, No. 06-0086, 2007 WL 517812, at *3 (M.D.Pa. Feb. 12, 2007)(finding second amended complaint superceded original complaint and denied motions to dismiss original complaint as moot). Nevertheless, since the parties incorporated the arguments made in the first motion to dismiss in the second motion to dismiss, we address the second motion to dismiss below.[2]

As a preliminary matter, both parties raise the defense of collateral estoppel. Avon argues that collateral estoppel bars this Court from deciding ACA's motion to dismiss because ACA previously filed a motion for summary judgment raising the same arguments in the state court proceeding. ACA agrees that collateral estoppel applies but only bars this Court from deciding one of the claims – Avon's unjust enrichment claim –

---

[2] Avon filed a cross-motion for summary judgment and opposition to ACA's motion to dismiss. Only Points IV and V of Avon's opposition pertain to ACA's motion. Points I-III pertain to Avon's cross-motion for summary judgment against Keating's third-party complaint. Avon and Keating reached an agreement and entered a stipulation of dismissal on or about September 5, 2007.

which was previously decided in ACA's favor and dismissed on summary judgment in state court.

Under New Jersey law, the doctrine of issue preclusion or collateral estoppel applies if:

> (1) the issue to be precluded is identical to the issue decided in the prior proceeding;
> (2) the issue was actually litigated in the prior proceeding;
> (3) the court in the prior proceeding issued a final judgment on the merits;
> (4) the determination of the issue was essential to the prior judgment; and
> (5) the party against whom the doctrine is asserted was a party to or in privity with a party to the earlier proceeding.

Caver v. City of Trenton, 420 F.3d 243, 259 (3d Cir. 2005) (citing Hennessey v. Winslow Township, 875 A.2d 240, 243 (N.J. 2005); In re Estate of Dawson, 641 A.2d 1026, 1034-35 (N.J. 1994)).

Although Avon first raises the issue of collateral estoppel to bar ACA's entire motion to dismiss, Avon does not apply the above elements.  Avon did not identify the precise issues previously litigated, but simply states that a motion for summary judgment was filed in the state court and the "... judge in the [state] Action denied ACA's attempts to dismiss Avon's claims against it... ."  The doctrine of collateral estoppel cannot be applied based only on this general statement.  Morover, this

statement over generalizes the proceeding since the state court judge only denied ACA's motion in part. The order entered on October 7, 2005, by the Honorable Steven P. Perskie, J.S.C., Superior Court of New Jersey, Law Division, shows that Count Three (unjust enrichment) of Avon's complaint against ACA and another defendant was dismissed with prejudice, but Count Four (*quantum meriut*) was not dismissed and discovery permitted. Thus, Avon's *quantum meriut* claim survived in the state action but its unjust enrichment claim did not. Finding that ACA's motion to dismiss should not be denied *in toto* based upon the doctrine of collateral estoppel, we separately address each of Avon's direct claims against ACA below.

### 1. Unjust Enrichment

Avon brought an unjust enrichment claim against ACA in this action and in the state action. In its motion to dismiss filed in this matter, ACA applies each element of the doctrine of collateral estoppel to Avon's unjust enrichment claim and argues that the claim is barred. In essence, Avon's complaint filed in the state court action alleged that ACA was unjustly enriched in the amount of $806,333.40; and in its complaint filed in this case, Avon alleged that ACA was "unjustly enriched in the amount of $806.333.40 for material and services Avon provided to the Project." ACA asserts that the state court dismissed Avon's unjust enrichment claim which is the identical claim raised here.

9

We find that ACA has met the elements of collateral estoppel regarding Avon's unjust enrichment claim: (1) the issue of unjust enrichment raised in the federal action is identical to that decided in the prior state court action; (2) the issue of unjust enrichment was litigated, including oral argument, in the prior state court proceeding; (3) the state court issued an order which is a final judgment on the merits;[3] (4) the dismissal of the unjust enrichment claim was essential to a determination of summary judgment; and (5) Avon was a party to the earlier state court proceeding.

Therefore, we find that the identical issue of unjust enrichment raised in this action was previously litigated between the same parties and dismissed by the state court.  The doctrine of collateral estoppel bars Avon from re-litigating this issue in the present action.

### 2. *Quantum Meruit*

Avon brought a claim of *quantum meruit* in both the state and

---

[3] Also, given that the state court decided the matter on a motion for summary judgment, rather than a motion to dismiss, it is possible that the state court had additional discovery to consider in deciding the motion that is not considered in deciding a motion to dismiss.

federal action.[4]  The state court denied ACA's motion for summary judgment on this claim and allowed discovery to proceed.  In the federal action, we are only at the motion to dismiss stage.  Compared to the standard for a motion for summary judgment, the standard for a motion to dismiss is more lenient.  <u>Compare</u> Fed.R.Civ.P. 12(b)(6) <u>with</u> Fed.R.Civ.P. 56; <u>see</u> <u>Seidman v. Minnesota Mut. Life Ins. Co.</u>, 40 F.Supp. 2d 590, 596 (E.D.Pa. 1997)(finding that although the plaintiff's allegation was sufficient for "the more lenient requirements of a motion to dismiss," plaintiff was required to present evidence to support the same allegation to survive a motion for summary judgment.).  Hence, if the state court judge decided that the *quantum meruit* claim should survive summary judgment, after briefing and oral argument, we find that inherent in such a decision is the determination that Avon alleged sufficient facts to survive a motion to dismiss.  <u>See</u> <u>Hester ex rel. Hester v. City of Memphis</u>, No. 06-2407, 2007 WL 708568, at *4 (W.D.Tenn. Mar. 05, 2007)(finding that while the plaintiffs must present sufficient evidence to withstand a motion for summary judgment, for a motion to dismiss, "... the issue before this Court is simply whether the Plaintiffs could prove any set of facts in support of their

---

[4] Although Avon's *quantum meruit* claim in the state action only mentions Keating in paragraph 36, the "wherefore" clause for that claim demands judgment against Keating, ACA, CRDA and Liberty.

11

claims that would entitle them to relief."); cf. Liss v. Exel Transp. Services, Inc., No. 04-2001, 2007 WL 891167, at *7 (D.Ariz. Mar. 20, 2007)(permitting plaintiff to raise an argument in its motion for summary judgment that was denied on motion to dismiss because "[a]n argument that fails in a motion to dismiss may nonetheless be a winning argument in a motion for summary judgment where the court is able to look beyond the pleadings."). Since Avon has crossed over the higher hurdle of a motion for summary judgment in the state action, we find that Avon would necessarily have also crossed the lower hurdle of a motion to dismiss. Thus, ACA's motion to dismiss Avon's *quantum meruit* claim is denied.

Although this claim is allowed to proceed in this case, we note our discretion to defer as appropriate to state court proceedings. The state court's decision denying summary judgment on this claim was entered on October 7, 2005, and discovery presumably is being or has been conducted.[5] Here, the claim has only just survived a motion to dismiss. We further note that *quantum meruit* is a state law claim based upon principles of equity. See Bertani Promotional Displays v. Midwest Display, Inc., No. L-4010-02, 2007 WL 685505 (N.J. Super. March 08, 2007)(noting that *quantum meruit* rests on the equitable principle

---

[5] We note that a motion to stay the state court proceedings was denied on or about April 28, 2006, by the Honorable Steven P. Perskie, Superior Court of New Jersey.

12

that a person shall not be allowed to enrich himself unjustly at the expense of another)(citing <u>Weichert Co. Realtors v. Ryan</u>, 608 A.2d 280, 285 (N.J. 1992) (quoting <u>Callano v. Oakwood Park Homes Corp.</u>, 219 A.2d 332 (N.J.Super. 1966)).  We exercise our discretion to avoid unnecessarily deciding matters of purely state law, especially those based on equity.  <u>See</u> <u>K.P. v. Corsey</u>, 77 Fed.Appx. 611, 613 (3d Cir. 2003) (quoting <u>United Mine Workers of America v. Gibbs</u>, 383 U.S. 715, 726 (1966) for the proposition that "needless decisions of state law should be avoided both as a matter of comity and to promote justice").  Lastly, it may avoid duplication of effort and conserve judicial resources if the identical claim brought in state court is not simultaneously litigated in federal court given that the claim has already advanced procedurally in the state court.  <u>See</u> <u>Quackenbush v. Allstate Ins. Co.</u>, 517 U.S. 706, 730 (1996) (stating that in the interest of avoiding inconsistent adjudications the District Court could enter a stay to await the outcome of the state court litigation)(referring to <u>Prudential Reinsurance Co. v. Superior Court</u>, 842 P.2d 48 (Cal. 1992)); <u>E.I. duPont de Nemours and Co. v. Rhodia Fiber and Resin Intermediates</u>, 197 F.R.D. 112, 128 (D.Del. 2000)(remarking that a stay may be appropriate to wait for a decision in a matter pending in state court).  While neither party has sought a stay of these proceedings, <u>see</u> <u>Bechtel Corp. v. Local 215, Laborers' Int'l Union of N. Am.</u>, 544 F.2d

13

1207, 1215 (3d Cir. 1976), and we decline to do so at this juncture, *sua sponte*, the parties are instructed to inform this Court when the Superior Court of New Jersey issues a decision on Avon's *quantum meruit* claim.

### 3. Breach of Contract

The remaining count in Avon's direct claim is breach of contract against ACA. Avon did not bring a breach of contract claim against ACA in the state action. Since there is no previous decision on this claim between these two parties, and since the claim is not currently pending before the state court, we address ACA's motion to dismiss Avon's breach of contract claim on the merits.

Avon alleges that it had a signed subcontract with Keating and that the subcontract was assigned to ACA. Avon's direct claim refers to a letter from ACA to Keating requesting "... assignment of all work related to the renovation phase of Building 400...inclusive [of] all Change Orders written to date" and a letter from ACA to Avon stating that all of Keating's subcontracts for Building 430 have been assigned to ACA. Avon also maintains that ACA's behavior in taking a more active role in the Project and assuming the duties of Keating is evidence of the assignment.

ACA denies that the subcontract between Keating and Avon was assigned to ACA and states that no written assignment exists.

14

ACA dismisses any alleged involvement in the Project as irrelevant and maintains that since Avon failed to plead that the assignment of debt was in writing, and since no writing between ACA and Keating that constitutes a written assignment of debt has been produced, the statute of frauds bars Avon's breach of contract claim.

New Jersey follows the rule that an agreement to assume the debt of another must be in writing.  See Heywood-Wakefield Co v. Miner, 44 F.2d 152, 154 (3d Cir. 1930); Norben Import Corporation V. Metropolitan Plant & Flower Corp., No. 05-54, 2005 WL 1677479, at *11 (D.N.J. July 15, 2005).  Without a written assignment of debt, a claim for breach of the agreement is barred by the statute of frauds. Id.

Here, even without a written agreement that ACA will assume the alleged debt of Keating owed to Avon, Avon has presented facts which, taken in the light most favorable to the non-moving party, could suggest that ACA provided an independent and original promise to pay Avon for continuing the work, a promise that was outside of the agreement between Avon and Keating.  If a promise is made independent of the original agreement, and founded on new consideration, then such a promise may be enforceable even if there is no writing.  See Shisler v. Moore, 19 F.2d 991, 992 (3d Cir. 1927)(enforcing agreement where subcontractor stopped working on project and resumed work after

owner made oral promise of payment because work was not done for third party but for benefit of owner); Farinelia v. DiChaira, 126 A. 329 (N.J. Err. 1924)(affirming that statute of frauds was inapplicable where owner told plumbing subcontractor that he would pay the balance owed under the contract between subcontractor and general contractor if subcontractor would resume working because owner's promise was independent of and original to general contractor's debt); see also Southern Wood Preserving Co. v. Wills, 319 F. Supp. 1004, 1006 (W.D.Pa. 1970)(applying Pennsylvania law and stating that the general rule is "[a] promise to a contractor or a subcontractor...to pay for future labor or materials for which another person has contracted but has defaulted is not within the statute of frauds where the contract is performed solely on the credit of the promisor who has a primary interest in the performance of the contract.") (citing 37 C.J.S. Frauds, Statute of § 28a).

Avon has alleged that the Project encountered some problems and that ACA's representatives met with Avon's principals to resolve these problems. Avon states that based upon the guarantees made by ACA, it began performing change order work on the Project. At this early stage in the proceeding, and applying the standard for a motion to dismiss, these allegations are enough to create a genuine issue of material fact over whether ACA made an independent promise to pay Avon for which it received

a benefit, or whether the statute of frauds bars Avon's claim because no written assignment of debt exists.

In addition, we do not find that ACA has shown as a matter of law that no reasonable jury could conclude that the letters written to Keating and to Avon would not provide evidence of a written assignment of debt.  Although ACA argues that the statue of frauds bars Avon's claim because there exists no writing between ACA and Keating, ACA provides no authority for this position.  New Jersey's statute of frauds states:

> A promise to be liable for the obligation of another person, in order to be enforceable, shall be in a writing signed by the person assuming the liability or by that person's agent.  The consideration for the promise need not be stated in the writing.

N.J.S.A. 25:1-15.

The language in the above statute suggests that the writing need only be signed by the person assuming the debt, or by that person's agent.  The statute does not appear to require that the writing be between the original guarantor and the person assuming the debt.  The parties provided no briefing on this issue so we make no determination at this time.  The cases relied upon by ACA, <u>Masten Realty Co. v. James</u>, 16 A.2d 464, 465 (N.J. Super. 1940), <u>Trusdell v. Price</u>, 29 N.J. Eq. 620, 623 (N.J. 1878), and <u>Joseph S. Naame Co. v. Louis Satanov Real Estate & Mortg. Corp.</u>, 143 A. 531 (N.J. Ch. 1928), reiterate the rule that an obligation to answer for the debt of another must be in writing, but the

cases do not address the issue of what constitutes a writing to assume the debt of another for statute of frauds purposes.[6] Therefore, we find that ACA has not met its burden of showing that they are entitled to summary judgment on this issue as a matter of law.

### III.   CONCLUSION

For the foregoing reasons, ACA's motion to dismiss Avon's direct claim is granted in part and denied in part.  The motion is granted regarding Avon's claim for unjust enrichment; that claim is barred by the doctrine of collateral estoppel and therefore dismissed.  The motion is denied regarding Avon's claim for *quantum meruit*; that claim is stayed pending state court proceedings.  The motion is denied regarding Avon's claim for breach of contract.

s/Noel L. Hillman<br>NOEL L. HILLMAN, U.S.D.J.

At Camden, New Jersey
Dated: September 14, 2007

---

[6]   ACA also argues that even if the letters constitute a written assignment of debt, Avon failed to plead that "the assignment occurred before Avon completed work for which it was not paid and that this specific obligation to pay was assumed by ACA."  ACA also asserts that the letters refer to Buildings 400 and 403 but that Avon did not perform work on those buildings.  Decisions on these issues are premature at this time since it is not known whether there was a written assignment of debt, or an independent promise to pay.

18