**NOT FOR PUBLICATION**

```
            UNITED STATES DISTRICT COURT
           FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| ATLANTIC CITY ASSOCIATES LLC, et al., | |
| Plaintiffs, | Civil Action No. **05-3227 (NLH)** **(Lead Case)** 05-5623, 06-3735 |
| v. | (Consolidated Cases) |
| CARTER & BURGESS CONSULTANTS, INC., et al., | **OPINION** |
| Defendants. | |

**Appearances:**
JOSEPH A. BATTIPAGLIA
VERONICA J. FINKELSTEIN
DUANE MORRIS LLP
ONE LIBERTY PLACE
PHILA., PA 19103-3185
*Attorneys for Atlantic City Associates LLC*

DENNIS P. HERBERT
POWELL TRACHTMAN
1814 EAST ROUTE 70
SUITE 304
CHERRY HILL, NJ 08003
*Attorney for Carter & Burgess Consultants, Inc.*

GLENN W. REIMANN
SARAH PATRICE O'DONNELL
COZEN O'CONNOR
1900 MARKET STREET
PHILADELPHIA, PA 19103
    *And*
JULIE B. NEGOVAN
COZEN O'CONNOR
457 HADDONFIELD ROAD
CHERRY HILL, NJ 08002
*Attorneys for Keating Building Corporation and Liberty Mutual Insurance Company and Daniel J. Keating Construction Corp.*

MARTIN P. SKOLNICK
5021 INDUSTRIAL ROAD
FARMINGDALE, NJ 07729
    And
THOMAS M. MULCAHY
PURCELL, RIES, SHANNON, MULCAHY & O'NEILL
ONE PLUCKEMIN WAY
PO BOX 754
BEDMINSTER, NJ 07921
*Attorney for Avon Brothers, Inc. d/b/a Avon Contractors, Inc.*

JOHN F. PALLADINO
JENNA M. COOK
HANKIN, SANDMAN & PALLADINO
30 SOUTH NEW YORK AVENUE
ATLANTIC CITY, NJ 08401
*Attorney for Thomas Company, Inc.*

BRADLEY K. SCLAR
DANA B. OSTROVSKY
PARKER, MCCAY
THREE GREENTREE CENTRE, SUITE 401
ROUTE 73 & GREENTREE ROAD
PO BOX 974
MARLTON, NJ 08053
*Attorney for Petrocelli/palmieri Joint Venture*

CRAIG L. LEVINSOHN
ARONSOHN WEINER & SALERNO
COUNSELLORS AT LAW
263 MAIN STREET.
HACKENSACK, NJ 07601
*Attorney for Johnston Architectural Systems, Inc., d/b/a Delta Fountains, Inc.*

JOHN G. RICHARDS, II
DAVIS, BUCCO, & ARDIZZI, ESQS.
10 EAST 6TH AVENUE
SUITE 100
CONSHOHOCKEN, PA 19428
*Attorney for Davis-Giovinazzo, Inc.*

ANET L. TREIMAN
STEPHANIE WISDO
COHEN SEGLIAS PALLAS GREENHALL & FURMAN
2 WHITE HORSE PIKE
HADDON HEIGHTS, NJ 08035
*Attorney for Vincent J. Borrelli, Inc.*

**HILLMAN, District Judge**

## I. BACKGROUND

This case involves a construction project for mixed retail and commercial use property located in Atlantic City, New Jersey referred to as "The Walk" in Atlantic City (the "Project"). Atlantic City Associates LLC ("ACA") was the lessee of the property. ACA entered into a contract with Carter & Burgess Consultants Inc. ("C&B") for architectural, engineering and other design services for the Project. ACA also hired Keating Building Corporation ("Keating") as its general contractor. Liberty Mutual Insurance Company ("Liberty") issued payment and performance bonds for the project.

The Project encountered delays and other problems that eventually resulted in litigation. Three cases were filed in federal court and consolidated, and a related case is pending in state court.[1] ACA moved to amend its federal complaint to add a fraud claim against C&B, which was granted. C&B answered and counterclaimed against ACA, including a claim for fraud. ACA then moved to dismiss C&B's fraud claim (Count IV of its counterclaim). ACA's motion to dismiss is presently before the Court.

---

[1] The state court action was filed by Avon Brothers, Inc. (a subcontractor) in the Superior Court of New Jersey, against Keating, Liberty and ACA.

## II.   DISCUSSION

### A.   Standard for Motions to Dismiss

When considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6), a court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff.  Evancho v. Fisher, 423 F.3d 347, 351 (3d Cir. 2005).  It is well settled that a pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Under the liberal federal pleading rules, it is not necessary to plead evidence, and it is not necessary to plead all the facts that serve as a basis for the claim.  Bogosian v. Gulf Oil Corp., 562 F.2d 434, 446 (3d Cir. 1977).  However, "[a]lthough the Federal Rules of Civil Procedure do not require a claimant to set forth an intricately detailed description of the asserted basis for relief, they do require that the pleadings give defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 149-50 n.3 (1984) (quotation and citation omitted).

A district court, in weighing a motion to dismiss, asks "'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim.'"

Bell Atlantic v. Twombly, 127 S. Ct. 1955, 1969 n.8 (2007) (quoting Scheuer v. Rhoades, 416 U.S. 232, 236 (1974)).  A court need not credit either "bald assertions" or "legal conclusions" in a complaint when deciding a motion to dismiss.  In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1429-30 (3d Cir. 1997).   The defendant bears the burden of showing that no claim has been presented.  Hedges v. U.S., 404 F.3d 744, 750 (3d Cir. 2005) (citing Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991)).

   Finally, a court in reviewing a Rule 12(b)(6) motion must only consider the facts alleged in the pleadings, the documents attached thereto as exhibits, and matters of judicial notice.  Southern Cross Overseas Agencies, Inc. v. Kwong Shipping Group Ltd., 181 F.3d 410, 426 (3d Cir. 1999).  A court may consider, however, "an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document."  Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).  If any other matters outside the pleadings are presented to the court, and the court does not exclude those matters, a Rule 12(b)(6) motion will be treated as a summary judgment motion pursuant to Rule 56.  Fed. R. Civ. P. 12(b).

### B. ACA's Motion to Dismiss C&B's Count IV (Fraud) Counterclaim

ACA moves to dismiss C&B's fraud counterclaim pursuant to Fed.R.Civ.P. 12(b)(6) on the grounds that: "(1) C&B's claim does not plead the prima facie elements of fraud; (2) C&B's fraud claim is not extrinsic to its breach of contract claim; and (3) C&B's fraud claim is not pled with specificity, as is required by Federal Rule of Civil Procedure 9(b)." C&B argues that since ACA was permitted to amend its complaint to add a fraud claim,[2] and C&B patterned its fraud claim after ACA's fraud claim, that C&B's claim should survive a motion to dismiss. Given that the same standard of review is applied in assessing a motion for leave to amend a complaint as in a motion to dismiss, see Jurimex Kommerz Transit G.M.B.H. v. Case Corp., 65 Fed. Appx. 803, 807 (3d Cir. 2003), C&B makes a plausible argument that its fraud claim should survive if ACA was permitted to add a fraud claim. Although the standard is the same, however, we do not assume the allegations made by C&B are the same as made by ACA. Therefore, we examine C&B's fraud claim to determine whether it establishes a prima facie claim, whether it is extrinsic to the breach of contract claim, and whether it is plead with the requisite specificity.

---

[2] After a hearing held on March 17, 2006, the Magistrate Judge granted ACA's motion for leave to amend its complaint to add a fraud claim on the grounds that the amended pleading complied with the notice requirements of Rule 9(b).

### 1.  Prima Facie Claim of Fraud

To establish a prima facie case for fraud under New Jersey law, C&B must be able to show: (1) that ACA made a material misrepresentation of a presently existing or past fact, (2) which it knew or believed to be false, (3) upon which it intended C&B to rely, (4) and upon which C&B reasonably did rely, (5) with resulting damages.  In re Resorts Intern., Inc., 181 F.3d 505, 509 (3d Cir. 1999) (citing Jewish Ctr. v. Whale, 86 N.J. 619, 432 A.2d 521, 524 (N.J.1981)).  Also, C&B must be able to prove each element by clear and convincing evidence.  Id. (citing Stochastic Decisions, Inc. v. DiDomenico, 565 A.2d 1133, 1137 (N.J.Super.Ct. 1989)).

ACA argues that C&B's fraud claim should fail because C&B has not plead the first element of a prima facie case – a material misrepresentation of present or past fact.  ACA asserts that C&B's claims do not implicate present or past facts but are only "vague reflections" that pertain to future events.

"Statements as to future or contingent events, to expectations or probabilities, or as to what will or will not be done in the future, do not constitute misrepresentations, even though they may turn out to be wrong." Alexander v. CIGNA Corp., 991 F.Supp. 427, 435 (D.N.J. 1998)(citing Chatlos Systems, Inc. v. National Cash Register Corp., 479 F.Supp. 738, 749-49 (D.N.J. 1979) aff'd in part, rev'd in part, 635 F.2d 1081 (3d Cir.

7

1980)). "Similarly, statements that can be categorized as 'puffery' or 'vague and ill-defined opinions' are not assurances of fact and thus do not constitute misrepresentations." Id. (citations omitted). In Alexander, the Court found that averments made in the complaint that used the words "will," "plan" or "expect" indicated future orientation and predictions of the future and could not "... serve as a basis for a fraud claim just because they subsequently turn out not to be true." Id.

    Here, we find that the allegations in C&B's counterclaim were not vague reflections of future intentions. C&B alleges that ACA made statements to induce C&B to enter into a contract with ACA. Specifically, C&B asserts that prior to entering into the contract ACA stated the Project was 70% leased, but in fact only 5% of the buildings were leased. C&B asserts that the lack of leased space caused major changes in the design to later accommodate the new tenants' specifications. C&B also alleges that ACA stated it had the ability to manage and fund a project of this size and scope when ACA lacked this ability. Finally, C&B asserts that ACA told C&B it would only need C&B to assist ACA with obtaining permits when in fact ACA left full responsibility for obtaining the permits to C&B. These statements could qualify, if proven, as material misrepresentations of present or past fact. They go beyond mere

8

'puffery' or vague opinion about future events.  Rather, ACA's statements about the volume of space leased, its ability to lead the Project, and the responsibility for obtaining permits were alleged by C&B to have induced it to contract with ACA.

ACA counters that since C&B provided the architectural services for the Project and was hired by ACA, that ACA could not have induced C&B.  In other words, C&B would need to impress ACA in order for ACA to hire C&B, but ACA would not have to engage in the same negotiating since it was the entity hiring the contractors.  Whether C&B was induced is a factual not legal issue, and as such is not decided at this stage of the proceedings.  C&B has alleged that it was induced into entering into this contract based upon the false representations made by ACA.  C&B could discriminate as to whom it provides its services and how it negotiates its fees, and entering into contract with one company may mean foregoing business with another.  C&B's allegation that it was induced into entering into the contract with ACA, if proven, satisfies the first element of its prima facie claim.

ACA also argues that C&B failed to allege the second element – that ACA intended its statements to be false at the time the statements were made.[3]  ACA asserts that C&B alleged that it

---

[3] Although ACA moves to dismiss C&B's claim for failure to plead scienter, ACA's own complaint could be construed as an admission of this element.  In its second amended complaint, ACA

9

discovered ACA's statements to be false after the project had already started.  ACA maintains that this is not the proper inquiry; rather, the test is whether ACA intended to make false assertions at the time they were made.

C&B responds that it more than adequately plead the "scienter" required.  However, C&B does not cite to any examples from its counterclaim in support of this statement.  A review of the allegations in C&B's counterclaim shows that, except for its allegation concerning ACA's misrepresentation regarding the amount and scope of changes during the Project, it does not specifically state that ACA knew or should have known its allegations were false.  Rather, C&B merely alleges that ACA made certain statements and those statements were later found to be false.  This is not enough to adequately plead scienter. Knowledge of a statement's falsity at the time it was made is necessary to bring a claim of fraud. <u>Zinn v. Seruga</u>, No. 05-3572, 2007 WL 2491433, at *6 (D.N.J. Aug. 29, 2007) (finding plaintiffs failed to plead fraud with particularity in accordance with Rule 9(b) where plaintiffs alleged defendants made a misrepresentation but failed to allege that defendants did so knowingly).  This failure to adequately plead scienter could have

---

brings a claim of fraud against C&B and errroneously states "ACA [rather than C&B] knew or reasonably should have known that its representations were false." We assume this to be a typo and not an admission.

been fatal to C&B's fraud claim had it not stated in paragraph 60 of the body of its answer to the second amended complaint that ACA knew or reasonably should have known that its misrepresentations were false. Thus, we find that C&B has adequately plead scienter.

Lastly, ACA argues that C&B did not plead that it relied on ACA's statements. ACA asserts that even if C&B had plead reliance, C&B's reliance would be unjustified because C&B had the opportunity to verify the truth of the statements by interviewing other architects that had worked with ACA on similar projects, and C&B's reliance was unreasonable since C&B should have expected design changes to occur in a project of this size and scope.

By alleging that ACA induced them to enter into a contract by making the alleged misstatements, C&B has plead that they relied on those misstatements. C&B listed in its counterclaim each alleged false representation made by ACA prior to entering into the contract. Taking all inferences in the light most favorable to the non-moving party, it is possible that a jury could decide that it was reasonable for C&B to rely on ACA's statements, even without interviewing other architects that ACA had worked with on similar projects. See Correa v. Maggiore, 482 A.2d 192, 196 (N.J. Super. 1984) (relying on the principle that "[o]ne who engages in deliberate concealment may not urge that

11

his victim should have been more circumspect or astute.").

Thus, the Court finds that C&B has adequately plead the elements of a prima facie case of fraud against ACA.

### 2. Fraud in the Performance of a Contract

ACA argues that C&B's fraud claim relates to the performance of the contract and, therefore, is not cognizable under New Jersey law. New Jersey law recognizes claims for fraud in the inducement of a contract, but not in the performance of a contract. See Bracco Diagnostics, Inc. v. Bergen Brunswig Drug Co., 226 F.Supp.2d 557, 564 (D.N.J. 2002). Broken promises that relate to the performance of the contract are breaches of the contract, not fraud claims. Id. C&B responds that its fraud claim pertains to statements made by ACA prior to its entering into contract with ACA and were made to induce C&B into entering into the contract. C&B also argues that its fraud claim is patterned after ACA's fraud claim based upon the parties pre-contractual discussions. ACA attempts to distinguish between its fraud claim and C&B's by stating that while C&B's misstatements were to induce ACA to chose it over other subcontractors, the statements made by ACA "related to the manner in which ACA hoped the Project would proceed."

Although C&B relies in part on the argument that if ACA is allowed to bring a fraud claim, this Court should permit C&B to do so as well, C&B must provide an independent basis for it to be

able to bring a fraud claim and not be allowed to do so simply because ACA has done so. Assessing C&B's fraud claim, the Court finds that C&B has adequately alleged that ACA made false representations to induce C&B to enter into a contract with ACA. The allegations as stated by C&B go beyond how ACA hoped the project would proceed and provide that ACA made misrepresentations about its ability to organize and fund the project, the amount of leased space at the time of signing the contract and the role of C&B in obtaining permits. Thus, at the motion to dismiss stage, C&B has adequately plead facts to support a claim for fraud in the inducement of a contract.

### 3. Federal Rule of Civil Procedure 9(b)

Federal Rule of Civil Procedure 9(b) requires that fraud be plead with particularity. See Fed.R.Civ.P. 9(b). C&B provides a list of specific instances in its counterclaim in which it alleges that ACA made false representations. The allegations provide that the misrepresentations were made during pre-contractual meetings, the date of the meetings, the attendees at the meetings, and the statements that were made. C&B also alleges how the statements were false. We find that such allegations satisfy the requirements in accordance with Rule 9(b). See Kanter v. Barella, 489 F.3d 170, (3d Cir. 2007)(stating that the heightened pleading requirements for fraud require that facts be plead with particularity such as the "who,

13

what, when, where, and how" of the events at issue).

### III.   CONCLUSION

For the foregoing reasons, ACA's motion to dismiss Count IV (fraud) of C&B's counterclaim is denied.  An Order consistent with this Opinion will be entered.


                                           s/Noel L. Hillman
                                           NOEL L. HILLMAN, U.S.D.J.

At Camden, New Jersey
Dated: September 28, 2007

14